ST. PAUL FOUNDRY COMPANY *vs.* HENRY WEGMANN and others.

May 7, 1889.

**Mechanic's Lien—Action on Bond—Complaint.**—In an action on a bond given pursuant to Gen. St. 1878, c. 90, § .3, relating to mechanics' liens, it is not necessary to allege in the complaint that the sureties have not previously paid the full amount of the penal sum of the bond. This is a matter of defence.

**Same—Averment of Posting of Notice.**—Neither is it necessary to allege that notice of the bond was posted on the premises. This is necessary only for the purpose of relieving the property from a lien, and the failure to post would not affect the liability of the obligors on the bond.

**Same—Averment of Performance by Original Contractor.**—Nor is it necessary to a right of action on the bond that the original contractor shall have fully performed his contract with the owner of the premises.

**Same—Measure of Damages—Contract Price.**—Where a contract price for the labor or material has been fixed by the contractor and subcontractor, this will, in the absence of fraud, be the measure of the liability of the sureties on the bond.

Action by a subcontractor against principal and sureties in a bond against liens, given by a contractor (Wegmann) for erecting a building. The sureties (Wm. Thompson and Herman L. Meyer) appeal

from an order of the district court for Ramsey county, *Simons*, J. presiding, overruling their demurrer to the complaint.

*Smith & Hawthorne*, for appellants.

*C. E. & A. G. Otis*, for respondent.

MITCHELL, J.   In an action upon a bond executed pursuant to Gen. St. 1878, c. 90, § 3, relating to mechanics' liens, it is not necessary to allege in the complaint that the sureties have not previously paid the full amount of the penal sum of the bond.   Payment is a matter of defence, and must be pleaded as such.   This is elementary.   Neither is it necessary to allege that notice of the existence of the bond was posted on the premises.   This is necessary only to relieve the property from liability to a lien, and the failure to post will not affect the liability of the sureties.   The notice cannot be posted until a valid statutory bond has been executed, and the posting presupposes the existence of such a bond.

The point that chapter 170, Laws 1887, repealed chapter 90 of the General Statutes is disposed of by *Meyer* v. *Berlandi*, 39 Minn. 438, (40 N. W. Rep. 513,) which holds that the act of 1887 is unconstitutional, and hence that chapter 90, Gen. St., remains in full force.   Neither is it necessary to a right of action on such a bond that the original contractor shall have fully performed his contract with the owner of the premises.   It is enough that the material was furnished, or the work was done, pursuant to this original contract, and have not been paid for when due.

Neither is the point well taken that the complaint should allege the reasonable value of the material or labor, instead of the contract price agreed on between the contractor and the laborer or material-man.   The liability of the owner of the premises, in case a lien is filed, is not necessarily the same as that of the obligors on the bond. The liability of the latter is determined by the conditions of the bond itself.   As between the contractor and subcontractor, who are the immediate parties to the contract for the labor or material, the contract price is the measure of liability.   The obligors on the bond are sureties for the contractor, and the condition is for the payment of all just claims—that is, against the contractor—for work done or materials furnished.   Hence whatever is a just claim against the con-

tractor is within this condition. Therefore the contract price fixed by the contractor and the subcontractor is, in the absence of fraud, the measure of the liability of the sureties on the bond.

Order affirmed.